**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEON-QIYAM POGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO SUPERIOR COURT, *et al.*, <br><br> Defendants. | Case No. 17-cv-01091-BAS-JMA <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND** <br><br> **(2) DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 3)** |

Plaintiffs Leon-Qiyam Pogue, Jeff Sikking, and Barbara Sikking are proceeding *pro se*—without an attorney. They filed a complaint on May 26, 2017, against (1) the San Diego Superior Court, (2) Richardson Griswold, a receiver appointed by the San Diego Superior Court, and (3) Agent Salazar, an employee with the City of San Diego's Code Enforcement Division. Plaintiffs seek injunctive relief related to a public nuisance abatement action brought against Mr. Sikking and Mrs. Sikking in state court. They also filed a motion for leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs—and a document that the Court will broadly construe as a request for a temporary restraining order.

For the following reasons, the Court **DENIES** Plaintiffs' (i) motion to proceed IFP and (ii) request for a temporary restraining order.

I. <u>**MOTION FOR LEAVE TO PROCEED IFP**</u>

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see*

*also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Further, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

"In addition, although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10-cv-2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010); *accord, e.g.*, *Seligman v. Hart*, No. 12-cv-3067-LAB BGS, 2013 WL 371991, at *1 (S.D. Cal. Jan. 15, 2013); *Darden v. Indymac Bancorp, Inc.*, No. S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009).

In this case, there are three Plaintiffs—Mr. Pogue, Mr. Sikking, and Mrs. Sikking.[1] (ECF No. 1.) They have not paid the filing fee. Plaintiffs have, however, submitted a single IFP application. (ECF No. 2.) This application is signed by only Mr. Pogue, and it does not contain any information about either Mr. Sikking or Mrs. Sikking. Consequently, the Court is unable to discern whether Mr. Sikking and Mrs. Sikking qualify to proceed IFP. Although Plaintiffs may proceed without paying the single filing fee required for this case, they cannot do so unless each Plaintiff qualifies for IFP status. That is, each Plaintiff must submit an appropriate IFP application that is signed by that Plaintiff and includes financial information that is specific to that person. Because the filing fee has not been paid and only one Plaintiff

---

[1] Mr. Sikking and Mrs. Sikking have not provided the Court with a current address. Under Civil Local Rule 83.11(a), a "person who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney." Further, any "party proceeding pro se must keep the court and opposing parties advised as to [the party's] current address." Civ. L.R. 83.11(b). Thus, the Court will direct Plaintiffs below to provide it with a current address for Mr. Sikking and Mrs. Sikking.

has submitted information regarding an inability to pay the filing fee, the Court **DENIES** Plaintiffs' request to proceed IFP (ECF No. 2).

## II.   TEMPORARY RESTRAINING ORDER

Plaintiffs have also filed a "Temporary Restraining Order (TRO) Checklist." (ECF No. 3.) This document is a form required by another court, the U.S. District Court for the Eastern District of California, when a party files a motion for a TRO in that court. (*See id.*) There is no motion, memorandum of points and authorities, supporting declaration, or proposed order submitted with this checklist. (*See id.*) That said, in light of Plaintiffs' *pro se* status, the Court will broadly construe this filing as a request for a TRO.

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. This rule provides:

> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). This rule's "stringent restrictions . . . on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974). "Consistent with this overriding concern, courts have recognized very few circumstances justifying the

issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiffs do not demonstrate that they have provided notice of their request for a TRO to each of Defendants. In their filing, Plaintiffs state they asked "the receiver," presumably Defendant Griswold, to "inform the court that a receiver was not required at this time" and to "stipulate that if he did not inform the state court that the basis for appointing a receiver in the first place was based upon false statements [and] insufficient evidence . . . , then we had [no] other available remedy than to seek [a] federal TRO." (ECF No. 3.) This showing does not establish that each of Defendants has received adequate notice of Plaintiffs' request or that there is a justifiable reason for issuing a TRO without notice. *See McCord*, 452 F.3d at 1131 (noting an *ex parte* TRO may be appropriate when it is impossible to provide notice to the adverse party because the party cannot be located in time for a hearing or the identity of the party is unknown); *see also* Fed. R. Civ. P. 65(b)(1)(B). Further, the Court finds Plaintiffs have not set forth "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiffs] before [Defendants] can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). They also have not shown injunctive relief is otherwise appropriate. Accordingly, the Court **DENIES** their request for a TRO.

## III. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' application to proceed IFP (ECF No. 2). To continue with this case, Plaintiffs must either pay the filing fee or Mr. Sikking and Mrs. Sikking must each also file an appropriate application to proceed IFP. Further, the Court **DENIES** Plaintiffs' request for a TRO (ECF No. 3). Last, the Court directs Plaintiffs to provide it with a current address for Mr. Sikking and Mrs. Sikking in accordance with Civil Local Rule 83.11(b).

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

Hon. Cynthia Bashant
United States District Judge